```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BSLE MALTA LTD,<br><br>     Plaintiff,<br> -against-<br><br>PUYVAST CHARTERING BV<br><br>     Defendant. | 07 Civ. 6289 (RJH)<br><br><br><br>**ORDER** |
| BSLE MALTA LTDA. (f/k/a BSLE MALTA LTD),<br><br>     Plaintiff,<br> -against-<br><br>PUYVAST CHARTERING BV<br><br>     Defendant. | 09 Civ. 2031 (RJH) |

After hearing oral argument and reviewing all the evidence in the record, the Court finds that there was no "want of equity" in plaintiff's *ex parte* motion for a maritime attachment dated March 6, 2009. The correspondence between the parties establishes that, following arbitration awards in the first of the above-captioned actions, plaintiff conducted good faith negotiations over the precise amount to be released from an earlier attachment dated July 9, 2007. When those negotiations reached an impasse in February 2009, defendant demanded that plaintiff release all funds in excess of the arbitration awards, and threatened to move this Court for an order directing such release. Defendant never so moved, however, and negotiations appeared to continue between the parties. Ultimately, plaintiff decided to move to attach the same funds held in the first attachment to secure claims made in the second above-captioned action. The application

for this second attachment met all the requirements of Supplemental Rule B of the Federal Rules of Civil Procedure. Because plaintiff was continuing to negotiate in good faith the release of the funds initially attached, and because defendant had ample opportunity to move this Court for release following the February impasse, the Court concludes that plaintiffs did not act in bad faith or inequitably when it sought the second attachment.

Accordingly, defendant's motion to vacate is DENIED. Plaintiff's unopposed cross-motion to confirm the arbitration awards in the first action is GRANTED, and defendant's unopposed request for countersecurity in its counterclaim is GRANTED. The banks holding defendants' funds are directed to release $62,197.18 to the plaintiff, but the remaining amount attached should be held pending resolution of the second action. Counsel for plaintiff are also directed to retain in escrow plaintiff's $48,281.04 countersecurity until defendant's counterclaim is resolved. The first action, case number 07 Civ. 6289, is dismissed with prejudice, and the Clerk of the Court directed to close that case.

SO ORDERED.

Dated: New York, New York
       June 8, 2009

Richard J. Holwell
United States District Judge